J-S25026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LAYTON | : | |
| | : | |
| Appellant | : | No. 2293 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004826-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LAYTON | : | |
| | : | |
| Appellant | : | No. 2294 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007781-2022

BEFORE:  SULLIVAN, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED JULY 27, 2026**

John Layton ("Layton") appeals from the judgment of sentence entered by the Philadelphia County Court of Common Pleas ("trial court") following his guilty plea to two counts each of aggravated assault, simple assault, and recklessly endangering another person, and one count each of resisting arrest, possessing instruments of crime, terroristic threats, criminal mischief, persons

not to possess firearms, firearms not to be carried without a license, and carrying a firearm on public streets in Philadelphia.[1] On appeal, Layton challenges the discretionary aspects of his sentence. As we conclude he waived this claim for review, we affirm.

The basis for our resolution of this matter renders the underlying facts irrelevant to our review. The procedural morass that has plagued this case, however, is relevant and was set forth by this Court in a prior decision:

> On November 14, 2023, [Layton] pled guilty to the above-mentioned offenses at two underlying docket numbers. [Layton] deferred sentencing and the trial court ordered a mental health evaluation, Forensic Intensive Recovery ("FIR") evaluation, and a pre-sentence investigation ("PSI"). [Layton was represented at the plea hearing by Jessica Conseuela Mann, Esquire.]
>
> On February 15, 2024, the trial court sentenced [Layton] to an aggregate term of six years to a maximum of twelve years of incarceration.
>
> On February 22, 2024, [Layton] filed a pro se notice of appeal, listing both underlying docket numbers. Nevertheless, the notice of appeal did not specify the order from which [Layton] was seeking to appeal. On February 26, 2024, [Layton] filed a pro se post-sentence motion. Nothing in the record indicates that either the pro se notice of appeal or pro se post-sentence motion were forwarded to Attorney Mann.
>
> On March 15, 2024, Douglas Earl, Esquire, entered his appearance as counsel for [Layton] at docket No. CP-51-CR-0007781-2022 ("docket No. 7781-2022"). Meanwhile, Attorney Mann was still listed as counsel of record at CP-51-CR-0004826-2022 ("docket No. 4826-2022"). Thus, on April 16, 2024, this Court issued a rule to show cause to each counsel why the appeal should not be quashed where the pro se notice of appeal had failed

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), (6), 2701(a), 2705, 5104, 907(a), 2706(a)(1), 3304(a)(2), 6105(a)(1), 6106(a)(1), 6108.

to specify the order from which [Layton] sought to appeal. On April 23, 2024, Attorney Earl responded to the rule to show cause indicating that it was clear from [Layton]'s pro se notice of appeal that he intended to appeal from the February 22, 2024 judgment of sentence such that this Court should not quash the appeal.

On April 23, 2024, Attorney Mann responded to the rule to show cause explaining that although she represented [Layton] at the time of his guilty plea, she had sought to be removed as counsel on March 12, 2024. Attorney Mann further explained that the trial court appointed Attorney Earl on March 13, 2024, to represent [Layton] on appeal. Attorney Mann stated that she believed the trial court intended to appoint Attorney Earl to represent [Layton] for purposes of appeal at both underlying dockets. Attorney Mann also stated that she believed [Layton]'s pro se notice of appeal sought to challenge the February 22, 2024, judgment of sentence. Attorney Mann asked this Court to retain jurisdiction and remand the matter to the trial court for clarification of counsel and to allow appellate counsel to perfect the underlying appeal.

On May 20, 2024, this Court issued a per curiam order discharging the rule to show cause and referring the issue to the merits panel. Additionally, on May 20, 2024, this Court issued separate orders noting that [Layton]'s filing of a notice of appeal listing both underlying dockets was improper, citing **Commonwealth v. C.M.K**., 932 A.2d 111 (Pa. Super. 2007) (quashing appeal after finding that single notice of appeal filed by co-defendants in criminal case was legal nullity); and Pa.R.A.P. 341, Note (stating: "Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed"). Thus, this Court directed Attorney Mann to file one amended notice of appeal listing only trial court docket No. 4826-2022. This Court further directed Attorney Earl to file one amended notice of appeal listing only trial court docket No. 7781[-]2022. On June 7, 2024, both counsel complied and filed amended notices of appeal, which this Court subsequently consolidated sua sponte. On June 26, 2024, the trial court ordered [Layton] to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); [Layton] complied on July 15, 2024.

On November 29, 2024, Attorney Mann filed a motion to withdraw as counsel. This Court granted Attorney Mann's request

on December 3, 2024. Attorney Earl subsequently filed an appellate brief on [Layton]'s behalf at both underlying trial court docket numbers, in this consolidated appeal.

*Commonwealth v. Layton*, 344 A.3d 1094, **4-7 (Pa. Super. Jul. 11, 2025) (non-precedential) (some language revised, brackets omitted, footnote added).

On appeal, Layton challenged the discretionary aspects of his sentence. *Id.* at *3. This Court noted that although Layton filed a timely pro se post-sentence motion on February 26, 2024, it was a nullity as Layton was still represented by Attorney Mann at that time. *Id.* at *3 (citing *Commonwealth v. Hopkins*, 228 A.3d 577 (Pa. Super. 2020) (explaining that hybrid representation is not permitted and our courts will not accept pro se motions while appellant is represented by counsel as such motions are legal nullities)). The pro se motion, however, was not forwarded to counsel of record; thus, the prior panel found there was a breakdown in court operations. *Id.* "Given that [Layton]'s sole challenge on appeal is to the discretionary aspects of sentencing, without a properly filed post-sentence motion, [Layton]'s issue on appeal is waived." *Id.* at *4 (citation omitted). Nevertheless, because of the "defects and procedural irregularities," the Court decided the best resolution of the case was to "vacate and remand for further proceedings" and provided specific instructions for Layton's counsel to follow:

> Upon remand, the trial court shall reinstate [Layton]'s post-sentence and direct appeal rights nunc pro tunc. As [Layton] is now represented by Attorney Earl, Attorney Earl can file a post-sentence motion on [Layton]'s behalf at each underlying docket

> number within 10 days of reinstatement of [Layton]'s post-sentence rights. Should the trial court deny the post-sentence motion, Attorney Earl can then file separate notices of appeal at each underlying docket on [Layton]'s behalf, if [Layton] chooses to proceed with an appeal. Accordingly, we vacate and remand for further proceedings consistent with this memorandum.

*Id.*

On July 31, 2025, the trial court reinstated Layton's post-sentence and direct appeal rights nunc pro tunc. Layton's counsel, however, did not file a post-sentence motion and only filed notices of appeal on August 25, 2025.

On appeal, Layton again challenges the discretionary aspects of his sentence. **See** Layton's Brief at 3 ("Did the sentencing court abuse its discretion by imposing an excessive sentence under the circumstances, where [Layton] entered an open guilty plea, and the record reflected significant mental health and dual-diagnosis treatment needs?"); **see also Commonwealth v. Bishop**, 831 A.2d 656, 660 (Pa. Super. 2003) (stating that a claim that the trial court imposed a manifestly excessive sentence is a challenge to discretionary aspects of the sentence).[2] As stated in our prior decision in this matter, a challenge to the discretionary aspects of sentencing is unreviewable by this Court unless, inter alia, the appellant filed a timely post-sentence motion preserving the issue for our review. **See Layton**, 344 A.3d 1094, at *4; **see also Commonwealth v. Rivera**, 312 A.3d 366, 376-

---

[2] We note that because Layton entered an open guilty plea, he may challenge the discretionary aspects of this sentence. **See Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa. Super. 2020).

77 (Pa. Super. 2024) (requiring appellant to satisfy a four-part test to allow this Court's review of a discretionary sentencing claim, including that "the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion") (citation omitted).

Our review of the record reflects that Layton did not preserve the claim he raises on appeal in a post-sentence motion or at sentencing, once again resulting in waiver of this claim.  ***See Commonwealth v. Heaster***, 171 A.3d 268, 272 (Pa. Super. 2017) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).[3]

_____

[3]  As this is the sole issue raised, counsel's failure to file a post-sentence motion, despite this Court's express directive, foreclosed all possible avenues for appellate review of Layton's judgment of sentence.  We note that our Supreme Court has held that "errors which completely foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel per se."  ***Commonwealth v. Rosado***, 150 A.3d 425, 433 (Pa. 2016) (emphasis omitted).  Although counsel will "rarely be deemed to have been ineffective for failing to file [optional post-sentence motions,]" ***Commonwealth v. Liston***, 977 A.2d 1089, 1094 n.9 (Pa. 2009), here, Layton only challenged the discretionary aspects of his sentence, and counsel's inaction in this regard foreclosed his right to direct appeal.  ***See, e.g., Commonwealth v. Kohli***, 2026 WL 893032, at *4 (Pa. Super. 2026) (non-precedential decision) (vacating PCRA court's order and finding that counsel's failure to file a post-sentence motion to raise a discretionary aspects of sentencing claim, which was the only appellate claim appellant could have raised on direct appeal, "amounted to a complete foreclosure of [appellant's] right to the direct appeal he requested"); ***Commonwealth v. Tuck***, 285 A.3d
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/27/2026

_____

922, at **2-3 (Pa. Super. 2022) (non-precedential decision) (reversing denial of PCRA relief and remanding for reinstatement of right to file post-sentence motions nunc pro tunc, because counsel was per se ineffective for failing to file a post-sentence motion challenging the discretionary aspect of sentencing, where appellant filed a direct appeal challenging only that issue); **see also** Pa.R.A.P. 126(b) (noting unpublished decisions of this Court, filed after May 1, 2019, may be cited for persuasive authority). Because this case is on direct appeal, however, a claim of ineffective assistance of counsel must be raised in a timely filed PCRA petition. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (stating claims of ineffective assistance of counsel are to be deferred to PCRA review and such claims should not be reviewed upon direct appeal).